IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEODORE JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO.  05-047-GPM |
| | ) |
| JOSEPH SCABANA, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence.  He is currently serving a sentence imposed in this District on May 19, 2000.  *See United States v. Johnson*, Case No. 99-CR-30022-DRH (S.D. Ill., filed Feb. 23, 1999).  The Court notes that Petitioner has already filed two unsuccessful § 2255 motions in this District.  *See Johnson v. United States*, Case No. 01-CV-306-DRH (S.D. Ill., filed May 14, 2001), *appeal dismissed for lack of jurisdiction*, Appeal No. 04-4001 (7th Cir., decided Dec, 17, 2004); *Johnson v. United States*, Case No. 04-CV-488-DRH (S.D. Ill., filed July 14, 2004).

This case now is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

A court should not entertain a petition for a writ of habeas corpus from a federal prisoner unless it has jurisdiction over the petitioner or his custodian. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *Hanahan v. Luther*, 760 F.2d 148, 151 (7th Cir. 1985). This Court does not have jurisdiction over either. It is clear that Petitioner is currently incarcerated in the Federal Correctional Institution in Oxford, Wisconsin, which is situated in the Western District of Wisconsin. *See* 28 U.S.C. § 130(b). The Court *could* transfer this action to the Western District of Wisconsin, as that is the proper venue for this § 2241 petition. However, the Court sees no point in wasting judicial resources, as such a transfer would only delay the inevitable dismissal of this action.

Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Occasionally, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. However, the fact that Petitioner has not been, or may not be, granted leave to file a second or successive petition under § 2255 does not mean that § 2255 cannot provide an adequate or effective means by which

to challenge his conviction or sentence.  *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).

In this case, Petitioner claims ineffective assistance of counsel, and he challenges the manner in which his sentence was calculated.  Although he does not refer to any case law, the Court guesses that, like many other inmates, he places his reliance upon *United States v. Booker*, – U.S. –, 125 S. Ct. 738 (2005).  That reliance is misplaced, because the Seventh Circuit has held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  *See also Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002) (*Apprendi* does not apply retroactively on collateral review).  It is beyond question that Petitioner's conviction was final long before January 12, 2005.  Therefore, he is not entitled to the relief sought, whether he seeks it in this District, the Western District of Wisconsin, or any other federal court.

In summary, this habeas action does not survive review under Rule 4 and, accordingly, this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  08/11/05

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge